1

**YU | MOHANDESI** LLP

2

**Jordan S. Yu** (SBN 227341)
213.377.5502 | jyu@yumollp.com

3

**Pavel Ekmekchyan** (SBN 223222)
213.985.2007 | pavel@yumollp.com

4

**Allan P. Bareng** (SBN 237464)
213.377.5504 | abareng@yumollp.com

5

633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

6

213.377.5501 Facsimile

7

Attorneys for Defendants
New Penn Financial LLC d/b/a

8

Shellpoint Mortgage Servicing; and The
Bank of New York Mellon fka The Bank

9

of New York, as Trustee for the
Certificateholders of the CWABS, Inc.,

10

Asset-Backed Certificates, Series 2005-
BC5

11

**UNITED STATES BANKRUPTCY COURT**

12

**CENTRAL DISTRICT OF CALIFORNIA**

13

14

In re:

15

RODOLFO ROSALES, ROSA MARIA
HINOJOSA,

16

Debtors.

17

18

19

BK Case No.: 1:17-bk-10482-MT
Adversary Case No.: 1:17-ap-01028-MT

**DEFENDANTS' NEW PENN
FINANCIAL, LLC AND THE BANK
OF NEW YORK MELLON'S
ANSWER TO PLAINTIFFS' FIRST
AMENDED COMPLAINT**

FAC Filed: March 28, 2017
FAC Filed: May 19, 2017

20

21

22

23

24

25

26

27

28

DEFENDANTS' NEW PENN FINANCIAL, LLC AND THE BANK OF NEW YORK MELLON'S ANSWER TO PLAINTIFFS' FIRST
AMENDED COMPLAINT

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

1

2    RODOLFO ROSALES, ROSA MARIA
     HINOJOSA,

3          Plaintiff,

4          vs.

5    NEW PENN FINANCIAL, LLC, A
     Delaware Limited Liability Company dba

6    SHELLPOINT MORTGAGE
     SERVICING; MTC FINANCIAL, INC.,

7    A California corporation doing business
     as TRUSTEE CORPS; THE BANK OF

8    NEW YORK MELLON fka THE BANK
     OF NEW YORK (hereinafter "BONYM")

9    as Trustee for the THE
     CERTIFICATEHOLDERS OF THE

10   CWABS, INC. ASSET-BACKED
     CERTIFICATES, SERIES 2005-BC5;

11   DUKE PARTNERS II, LLC, A Delaware
     Limited Liability Company; All Persons

12   or Entities Unknown Claiming Any Legal
     Or Equitable Right, Title, Estate, Lien, Or

13   Interest In the Property Described In the
     FAC, Or Any Cloud On Title Thereto and

14   Does 1 to 10, Inclusive

15         Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

Defendants New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing ("Shellpoint") and The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-BC5 ("BONY") (collectively "Defendants"), for themselves and no other party, by and through their undersigned attorneys, hereby answer the First Amended Complaint of Plaintiffs Rodolfo Rosales and Rosa Maria Hinojosa ("Plaintiffs") dated May 19, 2017 (the "FAC"), as follows:

## JURISDICTION AND VENUE

1.      In response to paragraph 1 of the FAC, Defendants lack adequate information to admit or deny the allegations therein, and on that basis, deny them.

2.      In response to paragraph 2 of the FAC, Defendants lack adequate information to admit or deny the allegations therein, and on that basis, deny them.

3.      In response to paragraph 3 of the FAC, Defendants lack adequate information to admit or deny the allegations therein, and on that basis, deny them.

4.      In response to paragraph 4 of the FAC, Defendants find that the documents identified in the allegations therein in relation to the underlying bankruptcy speak for themselves.

## PARTIES

5.      In response to paragraph 5 of the FAC, Defendants lack adequate information to admit or deny the allegations therein, and on that basis, deny them.

6.      In response to paragraph 6 of the FAC, Defendants admit the allegations therein.

7.      In response to paragraph 7 of the FAC, Defendants lack adequate information to admit or deny the allegations therein, and on that basis, deny them.

8.      In response to paragraph 8 of the FAC, Defendants admit the allegations therein.

9.      In response to paragraph 9 of the FAC, Defendants lack adequate information to admit or deny the allegations therein, and on that basis, deny them.

10.     In response to paragraph 10 of the FAC, Defendants lack adequate information to admit or deny the allegations therein, and on that basis, deny them.

11.     In response to paragraph 11 of the FAC, insofar as the allegations therein are construed to any conduct by Defendants, Defendants deny the allegations.   As to all other allegations set forth therein, Defendants lack adequate information to admit or deny the allegations therein, and on that basis, deny them.

## SUBJECT REAL PROPERTY

12.     In response to paragraph 12 of the FAC, Defendants admit the allegations therein.

## VENUE AND JURISDICTION

13.     In response to paragraph 13 of the FAC, Defendants lack adequate information to admit or deny the allegations therein, and on that basis, deny them.

## FACTUAL ALLEGATIONS

14.     In response to paragraph 14 of the FAC, Defendants lack adequate information to admit or deny the allegations therein, and on that basis, deny them.

## SUBJECT DEED OF TRUST

15.     In response to paragraph 15 of the FAC, Defendants find that the Deed of Trust identified and attached to the FAC speaks for itself.

## ASSIGNMENT OF DEED OF TRUST

16.     In response to paragraph 16 of the FAC, Defendants find that the Assignment of Deed of Trust identified and attached to the FAC speaks for itself.

/ / /

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

## SUBSTITUTION OF TRUSTEE

17.    In response to paragraph 17 of the FAC, Defendants find that the Substitution of Trustee identified and attached to the FAC speaks for itself.

## SUBSTITUTION OF TRUSTEE

18.    In response to paragraph 18 of the FAC, Defendants find that the Substitution of Trustee identified and attached to the FAC speaks for itself.

## NOTICE OF DEFAULT

19.    In response to paragraph 19 of the FAC, Defendants find that the Notice of Default identified and attached to the FAC speaks for itself.

## NOTICE OF TRUSTEE'S SALE

20.    In response to paragraph 20 of the FAC, Defendants find that the Notice of Trustee's Sale identified and attached to the FAC speaks for itself.

## PLAINTIFFS' EFFORTS TO MODIFY THE SUBJECT LOAN

21.    In response to paragraph 21 of the FAC, Defendants lack adequate information to admit or deny the allegations therein, and on that basis, deny them.

22.    In response to paragraph 22 of the FAC, Defendants lack adequate information to admit or deny the allegations therein, and on that basis, deny them.

23.    In response to paragraph 23 of the FAC, Defendants lack adequate information to admit or deny the allegations therein, and on that basis, deny them.

24.    In response to paragraph 24 of the FAC, Defendants lack adequate information to admit or deny the allegations therein, and on that basis, deny them.

25.    In response to paragraph 25 of the FAC, Defendants lack adequate information to admit or deny the allegations therein, and on that basis, deny them.

26.    In response to paragraph 26 of the FAC, Defendants find that the January 4, 2017 letter identified and attached to the FAC speaks for itself.

27.    In response to paragraph 27 of the FAC, Defendants lack adequate information to admit or deny the allegations therein, and on that basis, deny them.

28.    In response to paragraph 28 of the FAC, Defendants lack adequate

information to admit or deny the allegations therein, and on that basis, deny them.

29.    In response to paragraph 29 of the FAC, Defendants find that the February 10, 2017 letter identified and attached to the FAC speaks for itself.  As to all other allegations therein, Defendants lack adequate information to admit or deny the allegations therein, and on that basis, deny them.

30.    In response to paragraph 30 of the FAC, Defendants lack adequate information to admit or deny the allegations therein, and on that basis, deny them.

31.    In response to paragraph 31 of the FAC, Defendants lack adequate information to admit or deny the allegations therein, and on that basis, deny them.

32.    In response to paragraph 32 of the FAC, Defendants lack adequate information to admit or deny the allegations therein, and on that basis, deny them.

33.    In response to paragraph 33 of the FAC, the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.  To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, therefore, Defendants deny the same.

## FORECLOSURE SALE AND TRUSTEE'S DEED UPON SALE

34.    In response to paragraph 34 of the FAC, Defendants aver only to the allegation that on February 22, 2017, the property was foreclosed on.  As to all other allegations therein, they call for a legal conclusion and/or is rhetoric to which no response is required.  To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, therefore, Defendants deny the same.

35.    In response to paragraph 35 of the FAC, Defendants lack adequate information to admit or deny the allegations therein, and on that basis, deny them.

36.    In response to paragraph 36 of the FAC, Defendants aver only to the allegation that the property was sold to Duke Partners II, LLC.  As to all other allegations therein, they call for a legal conclusion and/or is rhetoric to which no

response is required.  To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, therefore, Defendants deny the same.

37.    In response to paragraph 37 of the FAC, Defendants find that the Trustee's Deed Upon Sale identified and attached to the FAC speaks for itself.

38.    In response to paragraph 38 of the FAC, Defendants lack adequate information to admit or deny the allegations therein, and on that basis, deny them.

39.    In response to paragraph 39 of the FAC, Defendants find that the allegations therein call for a legal conclusion to which no response is required.

## **TENDER**

40.    In response to paragraph 40 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.  To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, therefore, Defendants deny the same.

41.    In response to paragraph 41 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.  To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, therefore, Defendants deny the same.

42.    In response to paragraph 42 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.  To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, therefore, Defendants deny the same.

## **STANDING**

43.    In response to paragraph 43 of the FAC, Defendants find that the allegations therein call for a legal conclusion to which no response is required.

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2600
Los Angeles, CA 90071

# FIRST CAUSE OF ACTION

## VIOLATION OF CALIFORNIA HOMEOWNER BILL OF RIGHTS

### [Cal. Civ. Code §§ 2920.5, et seq.]

### (Against ALL DEFENDANTS except DUKE)

44.    In response to paragraph 44 of the FAC, Defendants restate and incorporate by reference its responses to paragraphs 1 through 43 above as through fully set forth herein.

45.    In response to paragraph 45 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.  To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, therefore, Defendants deny the same.

46.    In response to paragraph 46 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

47.    In response to paragraph 47 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

48.    In response to paragraph 48 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

49.    In response to paragraph 49 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

50.    In response to paragraph 50 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

51.    In response to paragraph 51 of the FAC, Defendants find that the

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

52.    In response to paragraph 52 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

53.    In response to paragraph 53 of the FAC, the allegations therein call for a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, therefore, Defendants deny the same.

54.    In response to paragraph 54 of the FAC, Defendants deny the allegations therein.

55.    In response to paragraph 55 of the FAC, Defendants deny the allegations therein.

56.    In response to paragraph 56 of the FAC, Defendants deny the allegations therein.

57.    In response to paragraph 57 of the FAC, Defendants deny the allegations therein.

58.    In response to paragraph 58 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

59.    In response to paragraph 59 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

60.    In response to paragraph 60 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

61.    In response to paragraph 61 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

required.

62.    In response to paragraph 62 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

63.    In response to paragraph 63 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

**SECOND CAUSE OF ACTION**

**WRONGFUL FORECLOSURE**

**(Against ALL DEFENDANTS except DUKE)**

64.    In response to paragraph 64 of the FAC, Defendants restate and incorporate by reference its responses to paragraphs 1 through 63 above as through fully set forth herein.

65.    In response to paragraph 65 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

66.    In response to paragraph 66, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

67.    In response to paragraph 67 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

68.    In response to paragraph 68 of the FAC, Defendants deny the allegations therein.

69.    In response to paragraph 69 of the FAC, Defendants deny the allegations therein.

70.    In response to paragraph 70 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

# THIRD CAUSE OF ACTION

# NEGLIGENCE

## (Against ALL DEFENDANTS except DUKE)

71.    In response to paragraph 71 of the FAC, Defendants restate and incorporate by reference its responses to paragraphs 1 through 70 above as through fully set forth herein.

72.    In response to paragraph 72 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

73.    In response to paragraph 73 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

74.    In response to paragraph 74 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

75.    In response to paragraph 75 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.  To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, therefore, Defendants deny the same.

76.    In response to paragraph 76 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.  To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, therefore, Defendants deny the same.

77.    In response to paragraph 77 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.  To the extent a response is deemed necessary, Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations therein, therefore, Defendants deny the same.

78.    In response to paragraph 78 of the FAC, Defendants deny the allegations therein.

79.    In response to paragraph 79 of the FAC, Defendants deny the allegations therein.

80.    In response to paragraph 80 of the FAC, Defendants deny the allegations therein.

81.    In response to paragraph 81 of the FAC, Defendants deny the allegations therein.

82.    In response to paragraph 82 of the FAC, Defendants deny the allegations therein.

83.    In response to paragraph 83 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.  To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, therefore, Defendants deny the same.

84.    In response to paragraph 84 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.  To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, therefore, Defendants deny the same.

85.    In response to paragraph 85 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

86.    In response to paragraph 86 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

## FOURTH CAUSE OF ACTION

## JUDGMENT TO CANCEL TRUSTEE'S DEED UPON SALE

### (Against ALL DEFENDANTS)

87.    In response to paragraph 87 of the FAC, Defendants restate and incorporate by reference its responses to paragraphs 1 through 86 above as through fully set forth herein.

88.    In response to paragraph 88 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.  To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, therefore, Defendants deny the same.

89.    In response to paragraph 89, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

90.    In response to paragraph 90 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.  To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, therefore, Defendants deny the same.

91.    In response to paragraph 91 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

## FIFTH CAUSE OF ACTION

## QUIET TITLE

### (Against Defendants DUKE and Does 6-10)

92.    In response to paragraph 92 of the FAC, Defendants restate and incorporate by reference its responses to paragraphs 1 through 91 above as through fully set forth herein.

93.    In response to paragraph 93 of the FAC, Defendants answer that no

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

-11-

response is necessary to this paragraph since the allegations are not against Defendants.

94.     In response to paragraph 94 of the FAC, Defendants answer that no response is necessary to this paragraph since the allegations are not against Defendants.

95.     In response to paragraph 95 of the FAC, Defendants answer that no response is necessary to this paragraph since the allegations are not against Defendants.

96.     In response to paragraph 96 of the FAC, Defendants answer that no response is necessary to this paragraph since the allegations are not against Defendants.

## SIXTH CAUSE OF ACTION

## DECLARATORY RELIEF

### (Against All Defendants)

97.     In response to paragraph 97, Defendants restate and incorporate by reference its responses to paragraphs 1 through 96 above as through fully set forth herein.

98.     In response to paragraph 98 of the FAC, Defendants deny the allegations therein.

99.     In response to paragraph 99 of the FAC, Defendants deny the allegations therein.

100.    In response to paragraph 100 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

101.    In response to paragraph 101  of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

102.    In response to paragraph 102 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

/ / /

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

DEFENDANTS' NEW PENN FINANCIAL, LLC AND THE BANK OF NEW YORK MELLON'S VERIFIED
ANSWER TO PLAINTIFFS' FAC

# SEVENTH CAUSE OF ACTION

## UNFAIR, UNLAWFUL FRAUDULENT AND DECEPTIVE BUSINESS PRACTICES

### (B & P Code §§ 17200, et seq.)

### (Against All Defendants except DUKE)

103.    In response to paragraph 103 of the FAC, Defendants restate and incorporate by reference its responses to paragraphs 1 through 102 above as through fully set forth herein.

104.    In response to paragraph 104 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

105.    In response to paragraph 105 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

106.    In response to paragraph 106 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

107.    In response to paragraph 107 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

108.    In response to paragraph 108 of the FAC, Defendants deny the allegations therein.

109.    In response to paragraph 109 of the FAC, Defendants deny the allegations therein.

110.    In response to paragraph 110 of the FAC, Defendants deny the allegations therein.

111.    In response to paragraph 111 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is

required.  To the extent a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, therefore, Defendants deny the same.

112.    In response to paragraph 112 of the FAC, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

113.    In response to paragraph 113, Defendants find that the allegations therein call for a legal conclusion and/or is rhetoric to which no response is required.

## PRAYER FOR RELIEF

In response to Plaintiffs' prayer of relief, Defendants deny that Plaintiffs are entitled to the relief sought by this paragraph.

### AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

1.    Plaintiffs fails to state a claim upon which relief can be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

2.    Defendants have substantially performed any and all contractual obligations, and any duty or performance by Defendants is excused by Plaintiffs' failure to perform a condition precedent, Plaintiffs' own breach, and/or the occurrence of a condition subsequent.

### THIRD AFFIRMATIVE DEFENSE

3.    Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

4.    Plaintiffs are barred by the parol evidence rule from asserting the causes of action in the FAC.

### FIFTH AFFIRMATIVE DEFENSE

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

5.     Plaintiffs are barred from obtaining the relief sought in the FAC by the doctrines of estoppel, waiver, unclean hands and laches.

## SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate their alleged damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiffs have suffered no actual damages and any damages claimed by Plaintiffs in the FAC are impermissibly speculative and cannot be recovered from Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Defendants expressly reserve any defenses that may be available to it under any applicable laws of other jurisdictions, in accordance with applicable choice of law rules.

## NINTH AFFIRMATIVE DEFENSE

9.     Plaintiffs' claims are barred in whole or in part because Plaintiffs consented to, ratified, or acquiesced in all of the alleged acts or omissions they complain of.

## TENTH AFFIRMATIVE DEFENSE

10.     Defendants' conduct was privileged and/or justified.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiffs have waived any and all claims, rights and demands made in the FAC.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiffs' claims may be barred because the acts or omissions of which Plaintiffs complain have been approved and/or mandated, implicitly or expressly, by applicable statutes and regulations.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiffs' claims may be barred because Defendants at all times

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2600
Los Angeles, CA 90071

complied in good faith with all applicable statutes and regulations.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    Defendants specifically deny that they acted with any willfulness, oppression, fraud or malice towards Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Any harm alleged in the FAC can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    If Plaintiffs suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    If Plaintiffs suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    If Plaintiffs prevail against Defendants, Defendants' liability is several and limited to its own actionable segment of fault, if any.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    Plaintiffs' claims may be barred because they have not tendered the full amount of the undisputed loan amount due and owing.

## TWENTIETH AFFIRMATIVE DEFENSE

20.    Plaintiffs' recovery, if any, is subject to a set-off.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    No predicate act exists upon which Plaintiffs may base their claim for violation of California Business & Professions Code § 17200 *et seq.*

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     The injuries or damages of which Plaintiffs complain were caused in whole or in part by non-parties whom Plaintiffs have failed to join in this action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Plaintiffs' claims are barred in their entirety because they have previously released all claims.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Plaintiffs' claims are barred as the parties have reached an accord and satisfaction that has settled the claims sought by Plaintiffs.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Plaintiffs' claims are barred as the parties had an agreement that relieved Defendants of liability to Plaintiffs.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Plaintiffs' claims are moot as Defendants have cured any violations and are in compliance with the California Homeowner Bill of Rights, Cal. Civ. Code § 2920, *et seq*.

/ / /

YU | MOHTANDESI LLP
633 West Fifth Street, Suite 2600
Los Angeles, CA 90071

-17-

1    Defendants specifically gives notice that it intends to rely upon such other

2 defenses as may become available by law, or pursuant to statute, or during any further

3 discovery proceedings of this case, and hereby reserve the right to amend its Answer

4 and assert such defenses.

5    WHEREFORE, Defendants pray for judgment as follows:

6    1.    That Plaintiffs take nothing by reason of the FAC.

7    2.    For its costs of suit herein;

8    3.    For attorney's fees according to proof and to the extent available

9        by law or contract; and

10    4.    For such other and further relief as this Court may deem just and

11        proper.

12    DATED:  June 21, 2017.

13

                    YU | MOHANDESI LLP
14

15    By_____
        Allan P. Bareng
16        Attorneys for Defendants
        New Penn Financial LLC d/b/a Shellpoint
17        Mortgage Servicing; and The Bank of New
        York Mellon fka The Bank of New York, as
18        Trustee for the Certificateholders of the
        CWABS, Inc., Asset-Backed Certificates,
19        Series 2005-BC5

20

21

22

23

24

25

26

27

28

YU | MOHANDESI LLP<br>633 West Fifth Street, Suite 2800<br>Los Angeles, CA 90071

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Yu | Mohandesi LLP, 633 West Fifth Street, Suite 2800, Los Angeles, CA 90071.  On June 21, 2017, I served the following document(s) by the method indicated below:

**DEFENDANTS' NEW PENN FINANCIAL, LLC AND THE BANK OF NEW YORK MELLON'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

| X | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. |
|---|---|

Seth P. Cox
Wedgewood
2015 Manhattan Beach Blvd
Redondo Beach, CA 90278

| X | by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business to the address(es) set forth below. |
|---|---|

Honorable Maureen A. Tighe
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 324 / Courtroom 302
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on June 21, 2017, at Los Angeles County, California.

_____
Diana Choe